Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUHI REIMER**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **CALL TRADER LLC d/b/a THEHEALTHSCOUT.COM;** and DOES 1-10, inclusive, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. THE VIRGINIA TELEPHONE PRIVACY PROTECTION ACT [VA. CODE §59.1-510 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, RUHI REIMER ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiff bring this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CALL TRADER LLC d/b/a THEHEALTHSCOUT.COM ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on

Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-510, *et seq.* ("VATPPA"), thereby invading Plaintiff's privacy.

2.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.     In a recent decision, the Supreme Court interpreted the term

"automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator *or* to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6.    In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7.    Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8.    The Sixth Circuit has also recognized this distinction: "Congress drew an explicit distinction between 'automated telephone calls that deliver an artificial or prerecorded voice message' on the one hand and 'calls place by 'live' persons' on the other." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737,743 (6th Cir. 2013).

9.    Similarly, the FTC has observed that "prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73 FR 51164-01, 51167 (Aug. 29, 2008).

**JURISDICTION & VENUE**

10.    Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

11.    Jurisdiction over Plaintiff's VATPPA claims is proper under 28 U.S.C. § 1367 because they are so related to his TCPA claims such that they form the same case or controversy.

12.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant maintains its principal place of business in Marin County, California.

**PARTIES**

13.    Plaintiff, RUHI REIMER ("Plaintiff"), is a natural person residing in Ashburn, Virginia and is a "person" as defined by 47 U.S.C. § 153(39).

14.    Defendant, CALL TRADER LLC d/b/a THEHEALTHSCOUT.COM ("Defendant"), is a limited liability company of the State of California, which conducts business within this District, and is a "person" as defined by 47 U.S.C. § 153(39).

15.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

16.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

17.     On or about February 8, 2022, Defendant contacted Plaintiff on his cellular telephone number ending in -3122 in an effort to sell or solicit its services.

18.     At the time of Defendant's initial call to Plaintiff, Plaintiff's cellular telephone number ending in -3122 had been on the National Do-Not-Call Registry for over a decade.

19.     When Plaintiff called the number back, the person who answered identified himself as "Mark with Health Scout."

20.     Over the next few days, Plaintiff received a barrage of unsolicited telemarketing calls from various telephone numbers belonging to representatives of The Health Scout, some of which he answered and others which he did not.

21.     In an attempt to find out who was responsible for these calls, Plaintiff looked up The Health Scout's website, which discloses that TheHealthScout.com is a trade name of Defendant.

22.     Based on the nature of Defendant's calls, specifically the long pause after Plaintiff answered and before Defendant's agents began speaking, Plaintiff alleges that the calls were placed using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

23.     The telephone number that Defendant, or Defendant's employees and/or agents, called was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24.     Defendant called Plaintiff from various outgoing telephone numbers no less than fourteen times within a span of two days.

25.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

26.    Plaintiff is not, and was never, a customer of Defendant's services and has never had any prior established business relationship with Defendant. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls placed by an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

27.    Based upon Plaintiff's personal experience of being called by Defendant after being on the National Do-Not-Call Registry for years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

28.    During eight of Defendant's fourteen calls, Defendant's representative failed to identify themselves by first and last name, in violation of Va. Code § 59.1-512.

29.    During all of Defendant's calls, Defendant's representatives failed to identify their telephone number by business and/or trade name, in violation of Va. Code § 59.1-513.

30.    During eight of Defendant's fourteen calls, Defendant's representative took longer than two seconds to respond to Plaintiff's greeting, thus abandoning the calls in violation of Va. Code § 59.1-513.1.

## CLASS ALLEGATIONS

31.    Plaintiff brings this action on behalf of himself, and all others similarly situated, as a member of the following proposed classes (together, "The Classes").

32.    The class concerning automatic telephone dialing system ("ATDS") or artificial or prerecorded voice violations ("ATDS Class") is defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice who had not previously consented to receiving such calls within the four years prior to the filing of this

Complaint through the date of class certification.

33. The Class concerning National Do-Not-Call Registry violations ("DNC Class") is defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express invitation or permission, nor had a prior established business relationship with Defendant, or who had revoked such invitation or permission or prior business relationship, who received more than one solicitation call made by or on behalf of Defendant within any 12-month period, within the four years prior to the filing of this Complaint through the date of class certification.

34. Plaintiff also represents, and is a member of, the proposed Virginia Do-Not-Call Class ("VA DNC Class"), which is defined as follows:

> All persons within the Commonwealth of Virginia whose telephone numbers were registered on the National Do-Not-Call Registry who received any solicitation calls made by or on behalf of Defendant within the four years prior to the filing of this Complaint through the date of class certification.

35. Plaintiff also represents, and is a member of, the proposed Virginia Sub-Class ("VA Sub-Class"), which is defined as follows:

> All persons within the Commonwealth of Virginia who received any solicitation calls made by or on behalf of any employees, agents, and/or representatives of Defendant in which such employees, agents, and/or representatives failed to identify themselves by first and last name, failed to identify Defendant as the solicitor, or abandoned the call, within the four years prior to the filing of this Complaint through the date of class certification.

36.     Plaintiff represents, and is a member of, the ATDS Class, the DNC Class, the VA DNC Class, and the VA Sub-Class.

37.     Defendant, its employees, agents, and representatives are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believes The Classes' members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

38.     The Classes are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of The Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Classes' members may be ascertained by the records maintained by Defendant.

39.     Plaintiff and members of The Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and The Classes' members via their cellular telephones thereby causing Plaintiff and The Classes' members to incur certain charges or reduced telephone time for which Plaintiff and The Classes' members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and The Classes' members.

40.     Common questions of fact and law exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

   a.     Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any call (other than a call made for emergency purposes or made with the prior

express consent of the called party) to an ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violations; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

41.   As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

42.   Common questions of fact and law exist as to all members of the DNC Class which predominate over any questions affecting only individual members of the DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any solicitation call to a DNC Class member more than one time in a 12-month period;

b.   Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violations; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

43.   As a person that received more than one call from Defendant over a 12-month period after having his telephone number registered on the National Do-Not-Call Registry for over thirty days, Plaintiff is asserting claims that are typical of the DNC Class.

44.   Common questions of fact and law exist as to all members of the VA DNC Class and VA Sub-Class which predominate over any questions affecting only individual members of the VA DNC Class and VA Sub-Class. These common

legal and factual questions, which do not vary between VA DNC Class and VA Sub-Class members, and which may be determined without reference to the individual circumstances of any VA DNC Class and VA Sub-Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any call to a VA DNC Class member;

b. Whether Defendant's agents failed to identify themselves by first and last name in any calls to VA Sub-Class members;

c. Whether Defendant's agents failed to display Defendant's name as solicitor during any calls to VA Sub-Class members;

d. Whether Defendant's agents abandoned any calls to VA Sub-Class members;

e. Whether Plaintiff and the VA DNC Class members were damaged thereby, and the extent of damages for such violations; and

f. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. As a person in the Commonwealth of Virginia whose telephone number was registered on the National Do-Not-Call Registry and received numerous solicitation calls from Defendant, Plaintiff is asserting claims that are typical of the VA DNC Class.

46. As a person in the Commonwealth of Virginia who received multiple calls from Defendant during which Defendant's agents failed to identify themselves, failed to identify Defendant, and failed to respond to Plaintiff's completed greeting within two seconds, Plaintiff is asserting claims that are typical of the VA Sub-Class

47. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

48. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all The Classes' members is impracticable. Even if every member could afford

individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member.

49.    The prosecution of separate actions by individual members of The Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members not parties to such adjudications or that would substantially impair or impede the ability of such non-party members to protect their interests.

50.    Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**
*On Behalf of Plaintiff and the ATDS Class*

51.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

52.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1), and the implementing regulations.

53.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the ATDS Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54.    Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing/Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)
*On Behalf of Plaintiff and the ATDS Class*

55.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

56.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1), and the implementing regulations.

57.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58.    Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)
*On Behalf of Plaintiff and the DNC Class*

59.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

60.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(c), and the implementing regulations provided by 47 C.F.R. § 64.1200(c).

61.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

62.    Plaintiff and the DNC Class members are further entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act
47 U.S.C. §227(c)**
*On Behalf of Plaintiff and the DNC Class*

63.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

64.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(c), and the implementing regulations provided by 47 C.F.R. § 64.1200(c).

65.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

66.    Plaintiff and the DNC Class members are further entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION
**Negligent Violations of the Virginia Telephone Privacy Protection Act
Va. Code § 59.1-514**
*On Behalf of Plaintiff and the VA DNC Class*

67.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

68.    Va. Code § 59.1-514(B) provides that:

No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

69.    By contacting Plaintiff and members of the VA DNC Class as alleged

above, Defendant negligently violated the Virginia Telephone Privacy Protection Act.

70.    As a result of Defendant's negligent violations of Va. Code § 59.1-514, Plaintiff and the VA DNC Class members are entitled to an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation, and an award of $5,000.00 for each subsequent violation, pursuant to Va. Code § 59.1-515(A).

**SIXTH CAUSE OF ACTION**
**Willful Violations of the Virginia Telephone Privacy Protection Act**
**Va. Code § 59.1-514**
*On Behalf of Plaintiff and the VA DNC Class*

71.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

72.    Va. Code § 59.1-514(B) provides that:

> No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

73.    By contacting Plaintiff and members of the VA DNC Class as alleged above, Defendant willfully violated the Virginia Telephone Privacy Protection Act.

74.    As a result of Defendant's willful violations of Va. Code § 59.1-514, Plaintiff and the VA DNC Class members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to Va. Code § 59.1-515(B).

**SEVENTH CAUSE OF ACTION**
**Negligent Violations of the Virginia Telephone Privacy Protection Act**
**Va. Code § 59.1-512**
*On Behalf of Plaintiff and the VA Sub-Class*

75.    Plaintiff repeats and incorporates by reference into this cause of action

the allegations set forth above at Paragraphs 1-50.

76. Va. Code § 59.1-512 provides that:

> A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person.

77. Defendant's calls to Plaintiff and members of the VA Sub-Class did not identify the person placing the call by first and last name.

78. By failing to make the proper identification as required by Va. Code § 59.1-512, Defendant has negligently violated the VATPPA.

79. As a result of Defendant's negligent violations of Va. Code §59.1-512, Plaintiff and the VA Sub-Class members are entitled to an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation, and an award of $5,000.00 for each subsequent violation, pursuant to Va. Code §591.1-515(A).

## EIGHTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-512
*On Behalf of Plaintiff and the VA Sub-Class*

80. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

81. Va. Code § 59.1-512 provides that:

> A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person.

82. Defendant's calls to Plaintiff and members of the VA Sub-Class did not identify the person placing the call by first and last name.

83. By failing to make the proper identification as required by Va. Code

§ 59.1-512, Defendant has willfully violated the VATPPA.

84.     As a result of Defendant's willful violations of Va. Code §59.1-512, Plaintiff and the VA Sub-Class members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to Va. Code §59.1-515(B).

### NINTH CAUSE OF ACTION
**Negligent Violations of the Virginia Telephone Privacy Protection Act**
**Va. Code § 59.1-513**
*On Behalf of Plaintiff and the VA Sub-Class*

85.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

86.     Va. Code § 59.1-513(A) provides that:

> A telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor. The number so provided must permit, during regular business hours, any individual to make a request not to receive telephone solicitation calls.

87.     Defendant's calls to Plaintiff and the VA Sub-Class did not identify Defendant by name as the telephone solicitor.

88.     By failing to identify itself as solicitor as required by Va. Code § 59.1-513, Defendant has negligently violated the VATPPA.

89.     As a result of Defendant's negligent violations of Va. Code § 59.1-513, Plaintiff and the VA Sub-Class members are entitled to an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation, and an award of $5,000.00 for each subsequent violation, pursuant to Va. Code §59.1-515(A).

## TENTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-513
*On Behalf of Plaintiff and the VA Sub-Class*

90.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

91.     Va. Code § 59.1-513(A) provides that:

> A telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor. The number so provided must permit, during regular business hours, any individual to make a request not to receive telephone solicitation calls.

92.     Defendant's calls to Plaintiff and the VA Sub-Class did not identify Defendant by name as the telephone solicitor.

93.     By failing to identify itself as solicitor as required by Va. Code § 59.1-513, Defendant has willfully violated the VATPPA.

94.     As a result of Defendant's willful violations of Va. Code §59.1-513, Plaintiff and the VA Sub-Class members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to Va. Code §59.1-515(B).

## ELEVENTH CAUSE OF ACTION
### Negligent Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-513.1
*On Behalf of Plaintiff and the VA Sub-Class*

95.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

96.     Va. Code § 59.1-513.1 provides that:

> Whenever a live sales representative is not available to speak with the person answering a telephone solicitation call within two seconds of the person's completed greeting, the telephone solicitor shall play a prerecorded

identification message that states the name and telephone number of the person on whose behalf the telephone solicitation call was being made.

97.    Defendant placed calls to Plaintiff and the VA Sub-Class in which a live representative did not speak with the recipient within two seconds of the recipient's completed greeting and failed to play a prerecorded identification message.

98.    By abandoning calls as prohibited by Va. Code § 59.1-513.1, Defendant has negligently violated the VATPPA.

99.    As a result of Defendant's negligent violations of Va. Code § 59.1-513.1, Plaintiff and the VA Sub-Class members are entitled to an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation, and an award of $5,000.00 for each subsequent violation, pursuant to Va. Code §59.1-515(A).

## TWELFTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-513.1
*On Behalf of Plaintiff and the VA Sub-Class*

100.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

101.    Va. Code § 59.1-513.1 provides that:

Whenever a live sales representative is not available to speak with the person answering a telephone solicitation call within two seconds of the person's completed greeting, the telephone solicitor shall play a prerecorded identification message that states the name and telephone number of the person on whose behalf the telephone solicitation call was being made.

102.    Defendant placed calls to Plaintiff and the VA Sub-Class in which a live representative did not speak with the recipient within two seconds of the recipient's completed greeting and failed to play a prerecorded identification

message.

103. By abandoning calls as prohibited by Va. Code § 59.1-513.1, Defendant has willfully violated the VATPPA.

104. As a result of Defendant's willful violations of Va. Code §59.1-513.1, Plaintiff and the VA Sub-Class members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to Va. Code §59.1-515(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**
### **Negligent Violations of the Telephone Consumer Protection Act**
### **On Behalf of Plaintiff and the ATDS Class**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future; and

- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**
### **Knowing/Willful Violations of the Telephone Consumer Protection Act**
### **On Behalf of Plaintiff and the ATDS Class**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to and request treble damages of $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future; and

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### On Behalf of Plaintiff and the DNC Class

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B);

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future; and

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### On Behalf of Plaintiff and the DNC Class

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to and request treble damages of $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C);

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future; and

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Negligent Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA DNC Class

- As a result of Defendant's negligent violations of Va. Code § 59.1-514, Plaintiff and the VA DNC Class members are entitled to and request statutory damages of $500.00 for the first violation, $1,000.00 for the second violation, and $5,000.00 for each subsequent violation, pursuant to Va. Code § 59.1-515(A); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## SIXTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA DNC Class

- As a result of Defendant's willful violations of Va. Code § 59.1-514, Plaintiff and the VA DNC Class members are entitled to and request statutory damages of $5,000 for each and every violation, pursuant to Va. Code § 59.1-515(B); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## SEVENTH CAUSE OF ACTION
### Negligent Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's negligent violations of Va. Code § 59.1-512, Plaintiff and the VA Sub-Class members are entitled to and request statutory damages of $500.00 for the first violation, $1,000.00 for the second violation, and $5,000.00 for each subsequent violation, pursuant to Va. Code § 59.1-515(A); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## EIGHTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's willful violations of Va. Code § 59.1-512, Plaintiff and the VA Sub-Class members are entitled to and request statutory damages of $5,000 for each and every violation, pursuant to Va. Code § 59.1-515(B); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## NINTH CAUSE OF ACTION
### Negligent Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's negligent violations of Va. Code § 59.1-513, Plaintiff and the VA Sub-Class members are entitled to and

request statutory damages of $500.00 for the first violation, $1,000.00 for the second violation, and $5,000.00 for each subsequent violation, pursuant to Va. Code § 59.1-515(A); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## TENTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's willful violations of Va. Code § 59.1-513, Plaintiff and the VA Sub-Class members are entitled to and request statutory damages of $5,000 for each and every violation, pursuant to Va. Code § 59.1-515(B); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## ELEVENTH CAUSE OF ACTION
### Negligent Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's negligent violations of Va. Code § 59.1-513.1, Plaintiff and the VA Sub-Class members are entitled to and request statutory damages of $500.00 for the first violation, $1,000.00 for the second violation, and $5,000.00 for each subsequent violation, pursuant to Va. Code § 59.1-515(A); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

## TWELFTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### On Behalf of Plaintiff and the VA Sub-Class

- As a result of Defendant's willful violations of Va. Code § 59.1-513.1, Plaintiff and the VA Sub-Class members are entitled to and request statutory damages of $5,000 for each and every violation, pursuant to Va. Code § 59.1-515(B); and

- Attorneys' fees and court costs, pursuant to Va. Code § 59.1-515(C).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted on July 19, 2023.

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:    s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff